THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M. SHAW, | CASE NO. C17-0486-JCC |
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

This matter comes before the Court on Plaintiff David Shaw's objections (Dkt. No. 31) to the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections and ADOPTS the Report and Recommendation for the reasons explained herein.

## I.  BACKGROUND

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in 2005 and 2010. (Dkt. No. 17, Administrative Record ("AR") 15.) Following the Commissioner's denials, an administrative law judge ("ALJ") consolidated the matters and found that Plaintiff was not disabled. (AR 28.) The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one

asks whether the claimant is gainfully employed. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. *Id*. The ALJ found Plaintiff had not worked after the alleged onset date of his disability: April 29, 2005. (AR 18.) Step two asks whether the claimant suffers from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If not, the claimant is not disabled. *Id*. The ALJ found that Plaintiff's lower back pain was a severe impairment. (AR 18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is disabled. *Id*. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 20.) Step four asks whether a claimant has an ability to perform past relevant work based on the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. *Id*. The ALJ found that, in light of Plaintiff's RFC, he could perform a range of "light work" as defined in 20 C.F.R. § 404.1567(b). (AR 20.) Therefore, Plaintiff was capable of performing his past work as an art framer and was not disabled. (AR 27–28.) The ALJ did not proceed to step five. (*Id*.)

Plaintiff appealed the ALJ's decision. *See Shaw v. Colvin*, Case No. C13-2073-BJR, Dkt. No. 1 (W.D. Wash. 2014). The Honorable Barbara J. Rothstein reversed and remanded for additional proceedings, beginning with the Commissioner's step three analysis. *Id*. at Dkt. Nos. 20, 21, 22. While not necessary for her holding, Judge Rothstein also affirmed the Commissioner's step four analysis, concluding that "substantial evidence would support a finding that Plaintiff could perform the art framer job as *generally* performed."[1] *Shaw*, Case No. C13-2073-BJR, Dkt. No. 20, p. 13 (emphasis added).

---

[1] The ALJ's original step four determination was based on Plaintiff's past relevant work as *actually* performed. (AR 13). Judge Rothstein held that this determination was erroneous, but that the error was harmless, because Plaintiff could perform past relevant work as generally performed. *Shaw*, Case No. C13-2073-BJR, Dkt. No. 20, pp. 12–13; *see Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (Plaintiff bears the burden of proving that he could not perform past relevant work "either as actually performed or as generally performed in the national economy.").

Following reconsideration, the ALJ again reached the same step three finding. (AR 1253–56.) As for step four, the ALJ found that, based on Plaintiff's RFC, Plaintiff was able to perform "light work," which included past relevant work as an art framer "as generally performed." (AR 1257, 61.) Plaintiff appealed the ALJ's findings to this Court. (Dkt. No. 1.) Magistrate Judge Fricke recommended that this Court affirm the ALJ's determination. (Dkt. No. 30 at 18.) Plaintiff only objects to Magistrate Judge Fricke's recommendation as to the ALJ's step four finding. (Dkt. No. 31.)

## II. DISCUSSION

The ALJ determined that art framing, as *generally* performed, is "light work" that Plaintiff is capable of performing. (AR 1260.) Plaintiff asserts this determination is not supported by substantial evidence. (*See generally* Dkt. No. 31.) As a threshold matter, the Court notes that Judge Rothstein's prior finding on this issue was not necessary to her holding, so is dictum and does not establish law of the case. *See Russell v. C. I. R.*, 678 F.2d 782, 785 (9th Cir. 1982).

### A. Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id*. A district court may disturb the Commissioner's decision only when the ALJ's findings affirming that decision are not supported by substantial evidence or are based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The Court evaluates (1) if there is substantial evidence to support the Commissioner's findings and (2) if the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.

1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

B.  **The ALJ's Finding is Supported by Substantial Evidence**

Plaintiff's objections are primarily restatements of arguments he already made to Magistrate Judge Fricke. Plaintiff first objects to Magistrate Judge Fricke's dismissal of a declaration from Dr. Joseph Moisan.[2] (Dkt. Nos. 19 at 11–12, 31 at 9–11.) Dr. Moisan indicated that art framing, as generally performed, involves constant standing and/or walking and cannot be "light work." (*See* AR 1332.) But this declaration is rebutted by testimony before the ALJ from vocational expert Michael Swanson. (*See generally* AR 1232–39.) Mr. Swanson indicated that in his opinion Plaintiff could work as a picture framer, which according to the U.S. Department of Labor's Dictionary of Occupational Titles involves only "light work." (AR 1235); *see* DOT Code 739.684-146. The Dictionary of Occupational Titles ("DOT") is "the best source for how a job is generally performed." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The Court may deviate from such guidance only if the record contains "persuasive evidence to support the deviation." *Id*. at 846. As Magistrate Judge Fricke pointed out, Dr. Moisan's declaration is supported by informal telephone conversations with three art framers. (AR 1332.) The Court does not find this to be sufficiently persuasive to deviate from the DOT's guidance.

Plaintiff next objects to Magistrate Judge Fricke's reliance on Social Security Administration Rule ("SSR") 83-10, which defines "light work" as standing no more than six hours in an eight-hour workday and lifting no more than twenty pounds.[3] (*See* Dkt. No. 31 at 5.)

---

[2] Dr. Moisan provided his declaration after the ALJ made her determination, but this Court must still consider it. (*See* Dkt. No. 1332); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

[3] The rule defines "sedentary work" as standing or walking no more than two hours per day and lifting no more than ten pounds and "medium work" as standing or walking approximately six hours per day and lifting objects no more than 50 pounds. Glossary, SSR 83-10. Here, it is uncontroverted that Plaintiff is capable of standing or walking no more than five to six hours in an eight-hour workday. (Dkt. No. 31 at 2–3.)

ORDER
C17-0486-JCC
PAGE - 4

Plaintiff alleges that use of SSR 83-10 is an impermissible *post hoc* rationalization because the ALJ did not rely on it. (Dkt. No. 31 at 5.) The Court may not engage in "*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1225–26 (9th Cir. 2009). Plaintiff suggests the ALJ never relied on SSR 83-10 because she never referenced it and, further, that it would have been inappropriate for the ALJ to consider it because it is only relevant in a step five determination, not a step four determination. (Dkt. No. 31 at 5.) But just like any other SSR, the ALJ was required to consider SSR 83-10. *See* C.F.R. § 402.35(b)(1). Whether she explicitly referenced it is irrelevant. Further, the Court is aware of no other SSR that correlates the number of hours a worker may stand to a particular level of workplace exertion. Therefore, this definition is as relevant to a step four analysis as it is to a step five analysis. Magistrate Judge Fricke's reliance on the rule was not a *post hoc* rationalization.

### III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections (Dkt. No. 31) and ADOPTS Magistrate Judge Fricke's Report and Recommendation (Dkt. No. 30). The final decision of the Commissioner is AFFIRMED, and this case is DISMISSED with prejudice.

DATED this 27th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE